UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CECIL B. LAY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:17-CV-44-PPS-MGG |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Cecil B. Lay, III appeals the Social Security Administration's decision to deny his application for Social Security disability benefits. An administrative law judge found that Lay was not disabled within the meaning of the Social Security Act. Lay raises two challenges to this determination, but I conclude that the ALJ's decision was supported by substantial evidence. I will, therefore, affirm the decision of the ALJ.

### **Background**

This case has a substantial history. Lay first filed for disability benefits in May 2007 but that claim was denied on March 21, 2010.[2] [A.R. 215-16.] The following year, in

---

[1]Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as defendant in this suit.

[2]The administrative record is found in the court record at docket entry 8, and consists of 1823 pages. I will cite to its pages according to the Social Security Administration's Bates stamp numbers rather than the Court's Electronic Case Filing page number.

May 2011, Lay filed the present application for disability benefits alleging that the onset of his disability was the very date of the prior denial of benefits—March 21, 2010. [*Id.* at 1309.] His claims were denied by an ALJ in a decision dated April 27, 2012, but the matter was remanded by the Appeals Council in October 2012. [*Id.*] A second denial of benefits was issued by an ALJ on June 4, 2013. [*Id.*] In November 2013, the Appeals Council again vacated that opinion and remanded Lay's claims for further consideration. [*Id.*] Yet another hearing was held in front of an ALJ, who denied the same claims in May 2014, and that decision was upheld by the Appeals Council in July 2014. Lay appealed to this Court, and District Judge DeGuilio remanded the case on January 11, 2016. [*Id.*] On July 5, 2016, Lay had his third hearing in front of an ALJ, who denied his same claims and that decision was upheld by the Appeals Council. [*Id.*] Lay appeals, and now the matter is before me.

Lay suffers from a host of medical problems. I refer you to the ALJ's opinion for a comprehensive description of them. [*Id.* at 1309-1335.] After over 6 years, three hearings, and copious analysis of Lay's impairments, two issues remain—one concerning the ALJ's handling of the vocational experts in this case and the other relating to the ALJ's analysis of one of Lay's treating physicians. I will address them in turn.

Lay first argues that the Commissioner's Step Five finding is not supported by substantial evidence and the relevant legal standards. [DE 16 at 11-15.] After Lay's 2016 hearing in front of the ALJ, Lay's counsel sent the ALJ a letter of "contention"

2

raising certain issues that he had with the questioning and responses of the vocational expert that testified at that hearing, Vocational Expert Scott Silver.[A.R. at 1729.]  As a result of the problems highlighted by Lay's counsel, among other issues, the ALJ accorded VE Silver's testimony little weight and instead adopted the testimony of the vocational expert who testified at Lay's 2014 hearing, VE Sharon Ringenberg, to whom a hypothetical was posed that the ALJ found to be the most accurate representation of Lay's conditions.  [*Id.* at 1311-1313.]  VE Ringenberg testified in 2014 that, despite Lay's numerous limitations, there are jobs that exist in significant numbers in the national economy that Lay can preform.  [*Id.* at 1334.]

Lay takes issue with the adoption of VE Ringenberg's testimony for two reasons.  He first argues that his current attorney was not present at the 2014 hearing and, therefore, did not have the opportunity to personally cross-examine VE Ringenberg and this, in turn, violates Lay's right to due process.  But this is not a case where a party did not have an opportunity to confront a witness.  Rather, while Lay is correct that his *current* attorney did not represent him at the time of the 2014 hearing, he was represented by a different attorney, and that attorney had an opportunity to cross-examine VE Ringenberg.  Significantly, Lay's counsel did not object to VE Ringenberg's testimony at the 2014 hearing.  Nor did he object to anything VE Ringenberg had to say after the hearing and no issue was raised with her testimony when the matter was appealed to Judge DeGuilio of this court.  It is true that Judge DeGuilio remanded the matter, but the basis of the remand related to how the ALJ handled the medical

3

opinions of Dr. Simons and Dr. Taylor, not anything relating to the vocational expert. [A.R. 1476-1485]. Finally, nothing was said about VE Ringenberg by Lay's current counsel in his post-2016 hearing letter. Only after he was successful in excluding VE Silver's testimony did he take issue with the use of VE Ringenberg's testimony to deny benefits.

The fact that Lay's current counsel asserts that he would have asked questions of VE Ringenberg that went unasked by Lay's prior counsel is of no matter and certainly does not mandate remand. Differing litigation strategies is not a sufficient reason to discount VE Ringenberg's testimony or order remand. It is clear that Lay is unhappy that both of these vocational experts testified that there are jobs that he can perform, but that alone is not a sufficient reason to exclude the otherwise reliable and informed testimony of VE Ringenberg.

In addition, Lay argues that because the ALJ's 2014 opinion was vacated by order of this Court, VE Ringenberg's testimony is "not fair game." [DE 23 at 3.] This is inaccurate. While an order by the Appeals Council or the United States District Court may vacate a decision, it does not erase the record. Just as the medical and other non-medical evidence present at the time of the ALJ's 2014 decision remains evidence in the present 2016 decision, VE Ringenberg's testimony from the 2014 hearing also remains evidence of record. Lay cites to nothing mandating a different conclusion.

Finally, I note that, upon review, the second hypothetical posed to VE Ringenberg at the 2014 hearing before the ALJ was the exact RFC assigned to Lay by the

4

ALJ in the 2016 opinion that is now before me. [A.R. at 157-158.] VE Ringenberg testified that given these limitations, Lay was not capable of past work but would be capable of the job of package sorter, mail sorter, or routing clerk. [*Id.*] So to be clear, we are not comparing apples to oranges here. VE Ringenberg was considering the precise limitations assigned by the ALJ in 2016 when she concluded that there were jobs that exist in significant numbers in the national economy that Lay can perform.

Lay's second argument is that the physical RFC assessed by the ALJ is not supported by substantial evidence or the relevant legal standards, and points specifically to the ALJ's treatment of the opinion of pain specialist, Dr. Steven Ribaudo. [DE 16 at 16.] Dr. Ribaudo saw Lay six times from June 2014 to October 2014 and his treatment records reflect complaints by Lay of chronic pain. [A.R. at 1769-1775.] The ALJ discussed the seven pages of medical records from Dr. Ribaudo in the record and noted that his treatment notes "reflect severe conditions but do not appear to support greater limitations of function." [*Id.* at 1325.] The ALJ noted that "[r]egardless, in October 2014, Dr. Ribaudo stated the claimant's condition causes him frequent sick days during the month to the point he can no longer be employed full time." [*Id.*]

The ALJ assigned Dr. Ribaudo's October 2014 opinion little weight. A treating physician's opinion is entitled to controlling weight if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the record. 20 C.F.R. § 404.1527(d)(2); *see White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005); *Bauer v. Astue*, 532 F.3d 606, 608 (7th Cir.

5

2008); *Hofslien v. Barnhart*, 439 F. 3d 375, 376 (7th Cir. 2006). It is in the ALJ's purview to discount the treating physician's opinion, but he must provide "good reasons" to explain the weight given to the opinion and support these reasons with evidence. SSR 86-2p, 1996 WL 374188 (July 2, 1996); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also consider such factors as the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, and the types of tests performed. *E.g.*, *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009). I must allow the ALJ's decision to stand "so long as the ALJ minimally articulated his reasons—a very deferential standard that we have, in fact, deemed lax." *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008) (internal quotation and citation omitted).

Here, the ALJ clearly articulated his many reasons for discounting Dr. Ribaudo's opinion that Lay can no longer sustain full time employment. The ALJ took issue with Dr. Ribaudo's opinion because it lacked requisite specificity including: (1) what would cause Lay to take sick days, (2), what limitations would keep Lay from attending work, and (3) how long the sick days existed. [A.R. at 1332.] Furthermore, the ALJ explained that "Dr. Ribaudo offers no support in terms of specific objective medical findings and how it specifically results in disabling and specific limitations of function." [*Id.*] In addition, the ALJ found that the October 2014 opinion of Dr. Ribaudo is not supported by the remainder of the record and is not supported by any objective medical findings within Dr. Ribaudo's own treatment notes, which largely consist of citations to problems, history, and treatment, but no actual objective medical findings. [*Id.*] The

6

ALJ also found that many of the factors discussed throughout his opinion undermine the opinion of Dr. Ribaudo.

Lay argues that the ALJ substituted his judgment for Dr. Ribaudo's, seemingly giving Dr. Ribaudo's opinion the back of his hand without much consideration, but that is not at all the case. The ALJ made a robust record of medical record and opinion evidence undermining Dr. Ribaudo's opinion, including consulting examining physician Dr. Gupta's findings from November 2014 indicating, among other things, some limitations in motion but overall negative straight leg raises, limited shoulder motion, but full motion in all other extremities, 4/5 strengths in all groups, grip strengths at 4/5, and no atrophy. [*Id.* at 1325.] The ALJ concluded that such findings do not support a finding of complete inability to use one or both shoulders and do not support allegations of greater limitations of function. [*Id.*] The ALJ spent over eight pages describing and analyzing the medical record and opinion evidence and testimony regarding Lay's physical limitations. [*Id.* at 1320, 1322-1326, 1329-1333.] The ALJ simply did not substitute his opinion for that of Dr. Ribaudo's, but considered and weighed all of the evidence and concluded that at least some of it undermined Dr. Ribaudo's opinion. Lay seems to be inviting me to reweigh the evidence and I must decline his invitation. *See Ketelboeter v. Astrue*, 550 F.3d 620, 624 (7th Cir. 2008). Rather, I find that the ALJ sufficiently articulated his reasons for giving little weight to Dr. Ribaudo's opinion that Lay is unable to sustain full time employment.

**Conclusion**

The final decision of the Commissioner of Social Security denying plaintiff Cecil B. Lay, III's application for a period of disability and disability insurance benefits is **AFFIRMED**.

The Clerk shall enter judgment in favor of Defendant and against Plaintiff.

**SO ORDERED**.

ENTERED: March 28, 2018.

                                          s/ Philip P. Simon
                                          **PHILIP P. SIMON, JUDGE**
                                          **UNITED STATES DISTRICT COURT**